THE ALBANY CITY BANK *v.* JOSIAH R. DORR.

A plea must rest the defence upon a single point; and a plea containing two distinct points, is bad.

The return of an execution unsatisfied, is conclusive between the parties to a judgment creditor's bill, when the return is good on its face, and has not been made by collusion between the creditor and officer, or by direction of the creditor.

An execution creditor is not bound to point out property to be levied on; he has done all that the law requires of him, when he has placed his execution in the hands of the sheriff, whose duty it is to make the money.

HEARING on plea to judgment creditor's bill and motion for receiver.

The plea stated that at the commencement of the suit at law, the rendition of the judgment, the issuing and return of the execution, and on putting in his plea, defendant was seized and possessed, in his own right, in fee simple, of certain tracts or parcels of land, describing them, situate in Wayne county, where the judgment was obtained; and also of certain other tracts or parcels of land

in the state, describing them by their section, township and range, but not by the county in which they were located. It then averred the whole of said land was free from incumbrance, and of greater value than the amount of the judgment; that, after the suit at law was commenced, defendant called on plaintiff's attorneys, who were the solicitors in the present suit, and placed before them his title deeds to all of the aforesaid land, except that part of it which was in Wayne county, and offered to turn out a sufficient quantity of it to pay the debt, and costs that had been made, to be selected by said attorneys, at a stated valuation; and informed them he should continue to hold it, and that it would, at all times, be subject to any execution that might be issued on the judgment to be obtained against him, and that he would, at any time, turn it out to be levied upon. It also stated, that when the execution was placed in the sheriff's hands, when it was to be returned, and during the intervening period, the said attorneys were aware defendant held said real estate, and was ready to turn it out to be levied upon; that they did not give the sheriff directions to levy on the land in Wayne county; that defendant was not called on to pay the execution by the sheriff, or to turn out property to be levied upon; that defendant was ignorant of the issuing of the execution until the bill was filed, and that no *alias*, or *pluries* execution, had been issued into the other counties, in which a part of the real estate is situated.

*Barstow & Lockwood*, in support of the motion and against the plea.

I. The bill in this case is an ordinary creditor's bill, upon which an injunction has been obtained, and is now in force against the defendant. On such a bill, a receiver will be granted as of course, if the equity of the bill is

not denied.    4 *Paige R.* 575; 2 *Id.* 342; 7 *Id.* 58; 2 *Hoff.
Ch. Pr.* 126.

A plea having been put in in this case, all the material
facts in the bill are admitted; and a receiver will be gran-
ted unless the plea is well pleaded, and good in substance,
and constitutes a true and good defence to the action.
For, if the plea is such an one as would be overruled on
an argument as to its sufficiency, it is a bad plea, and the
defendant can gain nothing by it.    4 *Paige R.* 178.

II.   The plea in this case is multifarious.   Various
facts cannot be pleaded in one plea, unless they tend to a
single point, and a plea containing more than one distinct
point, is bad for multifariousness.  *Story Eq. Pl.* 496, 497,
504; 2 *Ves. & B. R.* 153; 3 *J. C. R.* 388; 6 *Ves. R.* 17;
7 *J. C. R.* 214; 15 *Ves. R.* 377; 1 *Edw. R.* 66.

This plea sets up two distinct matters, viz:   *First*, that
defendant has lands in Wayne county, known to the plain-
tiff's attorneys, and alleges that, although execution has
issued into that county, they did not point out the lands to
the sheriff; and that the sheriff did not call upon the de-
fendant; and, *Secondly*, it undertakes to set up that the de-
fendant had and has other lands (where situated it is not
said,) known to the plaintiff's attorneys, in the state of
Michigan, and alleges that no execution has issued to any
county except Wayne.

These defences are not only distinct, but inconsistent;
for, if defendant had sufficient lands in Wayne county, and
the sheriff neglected his duty, and the plaintiff was not
responsible for such neglect, he certainly was not guilty
of bad faith in not issuing execution into another county.

III. Though these different grounds of defence set forth
in the plea render it multifarious, neither of them consti-
tutes a good defence to the equity of the bill.

1. The misconduct of the sheriff in not calling upon the

defendant, cannot be set up as a defence to this action; the party must look to the sheriff. 7 *Paige R.* 56 ; 2 *Id.* 419.

2. The sheriff's return is conclusive, in this suit, as to the facts contained in it, and it is not competent for the defendant to set up facts contradicting it, to wit, that defendant had lands in the county. The proper remedy is by application to set aside return. 2 *Paige R.* 419 ; *Cow. & H. notes to Ph. Ev.* 1087 ; 17 *Mass. R.* 601 ; 10 *Pick. R.* 169 ; 11 *Mass. R.* 313.

3. An attorney, or plaintiff, is not obliged to point out property for the sheriff to levy upon. He does his duty by delivering the execution to the officer, who is bound to find property, if there be any, at his peril.

4. The plea must be certain, and aver facts explicitly, not leaving them to be inferred by argument. *Story Eq. Pl.* 506. There is no allegation in the plea, from which it can be gathered, except by distant implication, that defendant had lands in any county but Wayne.

5. If there is sufficient averment that certain lots of land set forth in the plea, were out of the county of Wayne, it should also set forth that they were of sufficient value to pay the debt; thus showing a perfect legal remedy, if executions had been issued to other counties.

IV. An execution was issued into Wayne county where judgment was obtained, and where defendant resides, in which it is most probable that he would have property, and the plea alleges that he has. This, we insist, is sufficient. 6 *Paige R.* 273; 8 *Id.* 130 ; 7 *Id.* 85, 149.

1. There is no case to be found, deciding that more than one execution must issue, except where defendants are numerous, and reside in different counties.

2. There are no other defences on the ground of want of a *bona fide* attempt to collect the debt at law, enumera-

ted, than the following :   *First,* collusion with the sheriff; and, *Second,* issuing execution into a remote county, when complainant is aware that defendant had property in the county where he resided, within the jurisdiction of the Court; in which case it is necessary, not only for a party to show that he resided, but also had visible property there.   Both these things must be shown, neither of itself constituting a defence.   3 *Paige R.* 312; 8 *Id.* 130.

3.  If the defence is good, the remedy in this Court, by bill, is a mere nullity.   But one execution can be issued at a time, and if the defendant, (as might well be,) should have lands in several counties, and sufficient in no one of them to satisfy the debt, it might be several years before all the executions could be returned.   And to support a creditor's bill, the execution cannot be returned before the return day.

4.  All that is required, is a *bona fide* attempt, and if, after the return of an execution and before the filing of a bill, defendant acquires property in the same county, and notifies complainant, it will be no defence.   And the issue of a second execution not yet returned, is no bar.   7 *Paige R.* 149; 6 *Id.* 273.

It is not necessary that every legal remedy should be exhausted, to maintain a creditor's bill.   The statute makes the return of *fi. fa.* the ground of jurisdiction; and, under the equity of the statute, the Court simply requires that the execution should have been issued in good faith.   7 *Paige R.* 448, 149; 2 *Hoff. Ch. Pr.* 117.

*Joy & Porter,* in support of the plea.

I.  This is a good plea.   It proves that the remedy at law was not exhausted; and it must be exhausted fairly and *bona fide* before this bill can be sustained.   3 *Paige*

*R.* 311; 2 *Hoff. Pr.* 118; *Freeman* v. *Michigan State Bank, ante* 62.

The case of *Child* v. *Brace,* 4 *Paige R.* 315, clearly shows that where there is known property of the defendant in any county, into which process may run, or if the defendant is willing to turn out property in any such county, the execution must be sent there, or the remedy is not exhausted, and the bill must not be filed. See 7 *Paige R.* 664; *Stafford* v. *Hulbert, Harr. Ch. R.* 435. In this case the plea shows that the attorneys had sufficient notice of the existence of property which they might have caused to be levied upon.

II. The silence of the attorneys operates as a fraud on the defendant. They were bound in good faith to inform the sheriff, of the existence of property.

THE CHANCELLOR. The objection to the plea for multifariousness is well taken. It sets up two distinct points; *First,* that the execution was improperly returned unsatisfied; and, *Second,* that, as defendant was the owner of real estate out of the county of Wayne, and had informed complainant's solicitors of that fact, at, or about, the time the action was commenced at law, complainant should have taken out an *alias* execution, directed to the sheriff of the county in which such real estate is situated. Either of these positions, if well taken, would be a good defence to the bill; and the evidence that would establish one, would not establish the other. They are as different from each other as two separate pleas. The first denies a proper return of the execution; the other, conceding that point, insists that an *alias* execution should have been issued. A plea must rest the defence upon a single point, and a plea containing two distinct points is bad. *Goodrich* v. *Pendleton,* 3 *J. C. R.* 384. The plea must, therefore, be overruled.

But, as there is a motion for a receiver, it is necessary, in order to dispose of that question, to decide whether either of the grounds taken by defendant would be a good defence, if properly pleaded.

To show that the execution was improperly returned unsatisfied, the plea states the following facts : 1st. That defendant now is, and that he was, when first sued at law, and from that time to the present has been, the owner of unincumbered real estate, situate in the county of Wayne, and other parts of the state, sufficient in value to pay the judgment.   2d. That after he had been sued at law, he called on plaintiff's attorneys, who are solicitors in the present suit, and placed before them his title deeds to all of said real estate, except that part of it situated in Wayne county, and offered to turn out a sufficient quantity of it, to be selected by said attorneys, to pay the debt and costs, at a stated valuation, and informed them that he should continue to hold it, and that it would, at all times, be subject to any execution that might be issued on the judgment to be rendered in said suit, and that he would, at any time, turn it out to be levied upon.   3d. That plaintiff's attorneys were aware he had such real estate, both when the execution was issued, and when it was returned, and that they did not give the sheriff directions to levy on it.   4th. That defendant was not called on by the sheriff to pay the execution, or to turn out property on it ; and that he was uninformed of the issuing of the execution, until the bill was filed.

These facts, conjointly, do not form a good defence to the bill.   They show that the officer, in neglecting to call on defendent with the execution, did not do his duty; but they show nothing more.   Complainant was not bound to go with the officer to defendant, or to point out property to be levied upon.   He did all the law required of him, when

he placed his execution in the hands of the sheriff, whose duty it was to make the money. If the sheriff has not done his duty, and defendant is injured, he must look to the officer for redress. The negligence of the sheriff is no defence. The return to an execution is conclusive between the parties, when good upon its face, unless it has been made by collusion between the creditor and officer, or by the direction of the former. There would be no end to litigation in this class of cases, if this Court would go behind the officer's return. It might, with as much propriety, go behind the judgment itself, and allow what had been adjudged at law to be litigated anew here, as to inquire into the regularity of the proceedings at law. In no case has this Court gone that length. If the officer improperly returned the execution unsatisfied, defendant should have applied to the Circuit Court, and had it set aside.— *Stores* v. *Kelsey*, 2 *Paige R.* 418; *McElwain* v. *Willis*, 9 *Wend. R.* 560, *per Nelson J.; Sanford* v. *Sinclair*, 8 *Paige R.* 373 ; *Shottenkirk* v. *Wheeler*, 3 *J. C. R.* 275.

All that the statute requires to give this Court jurisdiction, is a return of the execution unsatisfied, in whole or in part. In *Smith* v. *Thompson, ante* 1, the execution was returned before the return day. On that account it was held to be bad, as the defendant, after the return of the execution, and within its lifetime, might have had property to satisfy it. The return in that case was bad upon its face. In *Williams* v. *Hubbard, ante* 28, the execution was returned unsatisfied by direction of the plaintiff, as appeared by the return. The return was held insufficient, because it was not made on the responsibility of the officer, but by the direction of the plaintiff, who had a right to have his execution returned in that way, if he chose ; and because the officer could not, in such a case, be sued for a false return. In *Wharton* v. *Fitch, ante* 143, the plain-

tiff's attorney instructed the sheriff not to levy on land, and the officer returned the execution unsatisfied, although the defendant offered to turn out land to be levied on, when the sheriff called on him with the execution.    Here was a collusion, or at least an understanding between the plaintiff's attorney and the officer, not to make the money out of real estate.    Nothing of this kind is set up by the defendant in his plea.    There is no pretence that the officer was instructed not to levy on real estate, or to return the execution without searching for property to satisfy it, or calling on defendant to pay it.    But defendant seeks to raise an equity in his favor out of the offer made by him, soon after he was sued at law, to turn out real estate in payment of the debt ; and out of what took place at that time between him and complainant's attorneys.    This offer to pay the debt in land, at a stated valuation, did not change the rights of the parties, who then stood, and still stand, in the relation of debtor and creditor to each other. It imposed no legal or moral obligation on the creditor, to receive lands in payment of his debt ; and, consequently, it cannot be the basis of a new equity or right between the parties.    If defendant had tendered money instead of land, the case would have been different ; and he might have taken the money into Court, and pleaded the tender in bar of the further prosecution of the action.    While defendant insists that it was the complainant's duty to inform the officer defendant had lands within his bailiwick, and to point them out to be levied on, he seems to forget he was under a greater obligation to pay the judgment without waiting for an execution.

As to the *alias* execution, this case differs widely from *Freeman* v. *Michigan State Bank, ante* 62.    In that case, within the lifetime of the execution, and while it was in the hands of the sheriff, the bank informed complainant it

had sufficient unincumbered real estate, in Saginaw and Lapeer counties, to pay the judgment, and offered to turn it out to be levied on and sold, if complainant would send on *alias* execution into either of those counties. The value of the property was alleged to be sufficient to pay the judgment. Here, the value of the property out of Wayne county is not stated. In that case, the Court said the complainant should have had his execution returned, and taken out an *alias*, directed to the sheriff of the proper county, and that the execution, for that purpose, might have been returned in vacation, without waiting for the return day. The *alias*, therefore, might have been made returnable on the day the first execution was returnable, and, if sufficient money had not been made on it to satisfy the judgment, the complainant might still have filed his bill when he did. He would have sustained no delay in the collection of his debt.

The value of the property should be stated. The defendant might have lands in a dozen different counties, the whole of which would not be more than sufficient to pay the debt. This Court would not, in such a case, require plaintiff, before filing a bill, to take out a dozen successive executions, which would take six years, allowing a term for each execution ; and, by our existing laws, no two of the executions could be in the hands of different officers at the same time. *Laws* 1839, *p.* 24, § 6.

Plea overruled, and reference to a Master to appoint a receiver.